IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH GRECO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CASEY; SCOTIA INTERNATIONAL OF NEVADA, INC.; MAX BARBER; and SION TRADING FZE<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER SETTING CONDITIONS TO GRANT IN PART MOTION TO SET ASIDE DEFAULTS**<br><br>Case No. 2:20-cv-00610-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is a motion to set aside entries of default brought by defendants Max Barber, Scotia International of Nevada, Inc. (SION), and SION Trading FZE (SION FZE). ECF No. 236. The court denies SION's request to set aside the default entered against it. The court, however, will set aside the defaults against Barber and SION FZE if these defendants pay the attorney fees incurred by plaintiff Joseph Greco in responding to this motion to set aside defaults and the attorney fees spent to obtain default certificates for Barber and SION FZE.

## BACKGROUND

Greco alleges that he agreed to deposit $4 Million with SION, which is owned by Barber. The purpose of the deposit was to provide confidence to prospective lenders and investors for a California-based agriculture business. In connection with the deposit, Greco and SION executed a Deposit Agreement. The agreement required SION to return the $4 Million deposit within 30 days of Greco making such a request. The Deposit Agreement also required SION to return the deposit without any further action by Greco 366 days after the date on which the agreement was executed. About eight months after he signed the Deposit Agreement, Greco gave notice that he was

requesting the return of his deposit within 30 days. SION, however, did not return the money. Nor did SION return the $4 Million deposit 366 days after the Deposit Agreement had been executed.

Greco[1] sued SION, Barber, and several other defendants associated with the Deposit Agreement in the District Court for the Eastern District of Pennsylvania. He asserted a breach of contract action against SION and claimed that Barber was also liable because he was an alter ego of SION. In addition, Greco asserted fraud and civil conspiracy claims against SION and Barber. The district court in Pennsylvania ruled that it did not have personal jurisdiction over SION and Barber and transferred the action to this court.

Soon after the transfer, counsel for SION and Barber moved to withdraw. On November 6, 2020, the court granted the motion to withdraw and ordered SION and Barber to obtain replacement counsel within 21 days. But they did not obtain counsel by the deadline established by the court. On December 14, 2020, the court ordered SION and Barber to show cause why a default judgment should not be entered against them. On December 22, 2022, the law firm Christensen & Jensen appeared on behalf of the defendants.

Greco subsequently moved for leave to file a Second Amended Complaint. Greco proposed adding SION FZE as a defendant, alleging that this entity was liable for the claims against SION and Barber as an alter ego of the defendants. Over the objection of SION and Barber, the court granted the motion to amend. On December 6, 2021, Greco filed his Second Amended Complaint. That same day, Christensen & Jensen moved to withdraw as counsel for SION and Barber. Counsel cited an "irreconcilable conflict" as the justification for leave to withdraw. SION and Barber later

---

[1] The initial plaintiff in this lawsuit was The Evolent Blind Trust. The complaint alleged that Greco has assigned his claims to the trust. The court later substituted Greco as the plaintiff in this action.

revealed that the more specific reason for the motion to withdraw was that they were not paying their legal bills. On December 7, 2021, the court granted the motion to withdraw. The court ordered Barber to either obtain counsel or appear pro se within 21 days. Because a corporation may not appear pro se, the court ordered SION to obtain counsel within 21 days. No counsel appeared for the defendants, nor did Barber appear pro se, by the deadline established by the court.

On January 21, 2022, Greco moved for entry of default against SION and Barber for disregarding the court's order and failing to answer the Second Amended Complaint. In the months of December 2021 and January 2022, Greco also attempted to serve the Second Amended Complaint on SION FZE by serving Barber—the principal of the company—at a commercial property and at his home. The process server unsuccessfully attempted service on eight separate occasions. Based on the process servers' observations of vehicles in the driveway and lights on in the house, he believed that Barber was avoiding service. On February 2, 2022, Greco moved for alternate service of SION FZE. On February 7, 2022, the court found good cause to believe that SION FZE, through Barber, was avoiding service and ordered that Greco could serve the complaint by emailing it to Barber and by posting it on the front door of Barber's residence. Pursuant to this order, Greco served SION FZE with the Second Amended Complaint on February 9, 2022. SION FZE failed to answer the complaint, and on March 4, 2022, Greco moved for entry of default against SION FZE.

On March 11, 2022, the clerk of court entered default against SION FZE. On May 2, 2022, the court ordered the entry of default against SION and Barber because they had failed to answer the Second Amended Complaint and because they had become unresponsive parties. On May 3, 2022, Barber contacted Christensen & Jensen and informed his former counsel that he had secured financing and that he would be able to rehire the firm. On May 4, 2022, Greco filed a motion for

default judgment against Barber, SION, and SION FZE. In his motion, Greco clarified that he only sought a judgment for amounts owed under his breach of contract claim against SION and his alter ego claims against Barber and SION FZE. On May 6, 2022, Barber satisfied his financial obligations to Christensen & Jensen and retained the firm to represent him again. On the same day, counsel from Christensen & Jensen appeared in this case on behalf of Barber, SION, and SION FZE (collectively, the defendants). On May 9, 2022, these defendants filed a motion to set aside the entries of default against them.

## ANALYSIS

A court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995) (unpublished table opinion). These factors are not "talismanic" requirements. *Id.* Courts need not consider all of these factors and may take into account other considerations. *Id.*

"[T]he good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). Further, "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

### A. Culpable Conduct

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). The defendants proffer two excuses for their default.

First, SION and SION FZE plead poverty. In an affidavit, Barber makes a cursory declaration that he, SION, and SION FZE temporarily did not have the funds to hire an attorney after Christensen & Jensen withdrew in December 2021. Barber further declared that he obtained financing in May 2022, which allowed him to rehire counsel for himself, SION, and SION FZE. The corporate defendants argue that they have an excuse for their default because they are not able to appear pro se and did not have the funds to retain a lawyer to defend them for the five-month period between December 2021 and May 2022.

But a single sentence in Barber's declaration without any supporting details or evidence does not convince the court that SION's and SION FZE's defaults should be excused. Moreover, the timing of Barber's sudden infusion of funds to rehire a lawyer is suspect. According to the declaration of his lawyer, Barber contacted her and stated that he had secured financing to rehire Christensen & Jensen on May 3, 2022—one day after the court entered defaults against Barber and SION. Barber's sudden ability to rehire his layers to set aside the default just before a judgment could be entered against him and his companies suggests the intent to strategically delay the proceedings rather than an absolute inability to pay for counsel for approximately five months followed by a sudden infusion of funds that allowed SION and SION FZE to litigate this case to the finish line. Indeed, it appears that Barber was dodging service for SION FZE during this period of time. His failure to act in good faith regarding the litigation both erodes his credibility and serves as an independent reason for finding that Barber, and the corporate defendants through Barber,

5

engaged in culpable conduct. *See Hunt*, 1995 WL 523646, at *3 ("[T]he court may consider other factors.").

Second, Barber acknowledges that any lack of funds would not have prevented him from appearing pro se to answer the Second Amended Complaint. Barber argues, however, that his default should be excused because he was "overwhelmed and exhausted" by the litigation. Litigation is no doubt burdensome, but claims of feeling overwhelmed cannot excuse a default.

Thus, the court finds that the culpable conduct factor weighs against setting aside the defaults.

### B.     *Prejudice*

Greco argues that setting aside the default would prejudice him because the defendants' default and subsequent briefing on the motion to set aside the default has delayed the resolution of his claims against them. Greco also asserts that briefing the motion to set aside the default has forced him to expend a significant amount on additional attorney fees. The defendants contend, however, that prejudice "refers to more than simple delay. 'Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Alternative Inv. Sols. (Gen.) Ltd. v. Next Up Funding, Inc.*, No. 12 CIV. 6612 JFK, 2013 WL 417405, at *3 (S.D.N.Y. Feb. 4, 2013) (citations omitted); *accord Sac Acquisition LLC v. Elite Prod.*, No. 2:06-CV-7 TS, 2008 WL 2329170, at *2 (D. Utah June 3, 2008).

The court respectfully disagrees with other courts that have ruled that "simple delay" may not be considered when weighing prejudice to the plaintiff. To a plaintiff seeking relief from the court, the added delay and expense caused by a default and the subsequent process of setting aside the default are far from inconsequential. But given that delay and additional expense will almost

always be present when a defendant seeks relief from a default, evidence of delay, on its own, should rarely be dispositive. Otherwise, relief from the default would be almost impossible to obtain. Rather, the prejudice from delay should be considered in conjunction with other factors when deciding whether to set aside a default.

In this case, the court entered defaults against SION FZE on March 11, 2022, and SION and Barber on May 2, 2022. The defendants filed their motion to set aside the defaults on May 9, 2022. The delay and expense caused by the process of acquiring the default certificates from the court, fully briefing the subsequent motions to set aside the defaults, and obtaining a ruling from the court on the motion has undoubtably prejudiced Greco. Accordingly, the prejudice factor weighs against setting aside the defaults.

C.  *Meritorious Defense*

Finally, the court considers whether the defendants have set forth a meritorious defense. Greco asserts a breach of contract action against SION. He also alleges that Barber and SION FZE are also liable for breach of contract under an alter ego theory.[2] The court first considers whether SION has articulated a meritorious defense to the breach of contract claim. The court then determines whether Barber and SION FZE have articulated a potential meritorious defense to the alter ego claim.

---

[2] Additionally, Greco asserts fraud and civil conspiracy claims against the defendants. The defendants argue that they have a meritorious defense to these claims under the economic loss rule. But Greco does not seek any damages for the fraud and civil conspiracy claims in his motion for default judgment. Because these claims are not relevant to the default judgment Greco seeks, the court need not consider whether the defendants have proffered a meritorious defense to the fraud and civil conspiracy claims and confines its analysis to the breach of contract and alter ego claims.

7

       1)       Breach of Contract

In determining whether a defendant has established a meritorious defense, "[t]he parties do not litigate the truth of the claimed defense in the motion hearing." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).[3] "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *Id.*

Greco pled a simple, straight-forward breach of contract claim against SION. It produced a contract signed by SION requiring it to return a $4 million deposit upon demand or 366 days after the contract was executed. Greco alleges that SION did neither. SION has not alleged any facts in its motion or, to the court's knowledge, in any other filings that would provide a defense to the breach of contract claim. SION, for example, does not assert that it returned the $4 million deposit. Nor does it contend that the terms of the contract do not require it to return the deposit. Instead, SION merely refers to its answer to the First Amended Complaint, in which it denied liability for the breach of contract claim and asserted 27 affirmative defenses. But merely pointing to perfunctory denials and a list of dozens of affirmative defenses contained in a pleading is not an adequate showing of a meritorious defense because the answer does not plead any facts. The Tenth Circuit has held that "[u]nlike the simple notice pleading required in original actions," the meritorious defense factor "contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense." *Id.* Instead, the defendant must

---

[3] In the *Stone* case, the Tenth Circuit analyzed the meritorious defense element associated with a motion to set aside a default judgment rather than a motion to set aside a default certificate. This opinion, however, provides appropriate guidance for evaluating the meritorious defense consideration for a motion to set aside a default.

provide "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." Because SION has not asserted any facts in its motion or its answer to the First Amended Complaint that would support a defense to the breach of contract claim, it has not provided a meritorious defense to this cause of action.

        2)      Alter Ego Liability

Greco alleges that Barber and SION FZE are also liable for breach of contract because they are alter egos of SION. In their reply brief, Barber and SION FZE alleged a number of facts as a defense to the alter ego claim. They claim that SION does not share an office with SION FZE or Barber; that SION and SION FZE have separate bank accounts; that SION, SION FZE, and Barber do not intermingle assets; that SION and SION FZE observe corporate formalities and are not undercapitalized; and that SION is not a "one-man" corporation. For purposes of this motion, the court must assume that these assertions are true. *See In re Stone*, 588 F.2d at 1319.

These factual assertions are sufficient to establish a meritorious defense to the alter ego claim. A plaintiff may establish alter ego liability by proving the following two elements:

> (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, viz., the corporation is, in fact, the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow.

*Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 635 (Utah 2012) (citation omitted). The first element is called the "formalities requirement," while the second element is commonly known as the "fairness requirement." *Id.* To determine whether the plaintiff has satisfied the formalities requirement, courts applying Utah law consider seven nonexclusive factors:

> (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4)

9

> siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; [and] (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders.

*Id.* at 636 (citation omitted). The facts alleged by Barber and SION FZE relate to a number of the factors the court must consider when evaluating the formalities requirement, including undercapitalization, whether the SION was a one-man corporation, whether SION observed corporate formalities, and whether SION was used as a facade for Barber's personal business dealings. Because these facts counter Greco's allegation that Barber and SION FZE are subject to alter ego liability, these defendants have proffered a potentially meritorious defense.

  D. *Weighing the Factors*

  Weighing these factors, the court denies the motion to set aside SION's default. As noted above, all of the *Hunt* factors militate against granting the relief requested by this entity. In particular, SION's inability to articulate a meritorious defense to the contract claim weighs heavily against setting aside its default.

  The court, however, determines that it will set aside the default of Barber and SION FZE if these defendants ameliorate the prejudice to Greco by paying the attorney fees that Greco incurred due to Barber and SION FZE's default. *See Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."). Barber and SION FZE's default forced Greco to pay his attorneys to obtain default certificates for these defendants. Greco also had to pay attorney fees associated with his opposition to the defendants' motion to set aside the defaults. Reimbursing Greco for these attorney fees will alleviate some of the prejudice caused by Barber and SION FZE's default.

If Barber and SION FZE reimburse Greco for these attorney fees, the court finds that the *Hunt* factors would weigh in favor of setting aside the defaults for these defendants. Although Barber and SION FZE have certainly not presented a robust defense to the alter ego claim, they have alleged sufficient facts to articulate a basis for a meritorious defense to this claim. Moreover, if Barber and SION FZE pay Greco's attorney fees, these defendants will mitigate some of the prejudice to Greco. Accordingly, the court will set aside the defaults entered against Barber and SION FZE if they pay Greco for these attorney fees. If Barber and SION do not reimburse Greco, the court will not set aside the defaults and will enter a default judgment against these defendants.

## CONCLUSION AND ORDER

For the reasons stated above, the court denies the defendants' motion to the extent that it seeks to set aside the default of SION. The court will enter a default judgment against this entity.

The court defers ruling on the portion of the motion seeking to set aside the defaults of Barber and SION FZE. The court ORDERS Greco to file a brief outlining the attorney fees and costs he paid for the motions for entry of default and for opposing the defendants' motion to set aside the defaults. Greco shall file his brief by February 13, 2023. Barber and SION FZE shall have until February 23, 2023, to file any objections to the amount requested by Greco. The court will then enter an order fixing the amount that these defendants must pay to reimburse Greco. If Barber and SION FZE pay this amount to Greco within 30 days, the court will set aside the defaults of these defendants. If Barber and SION FZE do not pay Greco, the court will enter default judgments against these defendants.

DATED February 1, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge