IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH GRECO,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL CASEY; SCOTIA INTERNATIONAL OF NEVADA, INC.; MAX BARBER; and SION TRADING FZE<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER FINDING AS MOOT MOTION TO ASIDE DEFAULTS AND MOTION FOR ATTORNEY FEES**<br><br>Case No. 2:20-cv-00610-JNP-CMR<br><br>District Judge Jill N. Parrish |

The court entered defaults against defendants Scotia International of Nevada, Inc. (SION), Max Barber, and SION Trading FZE (SION FZE). These defendants subsequently moved to set aside the defaults. ECF No. 236. The court ruled that it would set aside the defaults if the defendants paid plaintiff Joseph Greco's attorney fees associated with two motions for entry of default and the motion to set aside the defaults. ECF No. 258. The defendants subsequently disregarded orders to obtain counsel (or in the case of Barber, to appear pro se) in order to participate in the litigation. Because the defendants' disregard of the most recent orders to obtain counsel constitutes independent grounds for entry of default, the court finds that the motion to set aside default is moot. The court further finds that the motion for attorney fees filed by Greco is likewise moot. *See* ECF No. 259.

BACKGROUND

Greco alleges that he agreed to deposit $4 Million with SION, which is owned by Barber. The purpose of the deposit was to provide confidence to prospective lenders and investors for a California-based agriculture business. In connection with the deposit, Greco and SION executed a

Deposit Agreement. The agreement required SION to return the $4 Million deposit within 30 days of Greco making such a request. The Deposit Agreement also required SION to return the deposit without any further action by Greco 366 days after the date on which the agreement was executed. About eight months after he signed the Deposit Agreement, Greco gave notice that he was requesting the return of his deposit within 30 days. SION, however, did not return the money. Nor did SION return the $4 Million deposit 366 days after the Deposit Agreement had been executed.

Greco[1] sued SION, Barber, and several other defendants associated with the Deposit Agreement in the District Court for the Eastern District of Pennsylvania. He asserted a breach of contract action against SION and claimed that Barber was also liable because he was an alter ego of SION. In addition, Greco asserted fraud and civil conspiracy claims against SION and Barber. The district court in Pennsylvania ruled that it did not have personal jurisdiction over SION and Barber and transferred the action to this court.

Soon after the transfer, counsel for SION and Barber moved to withdraw. On November 6, 2020, the court granted the motion to withdraw and ordered SION and Barber to obtain replacement counsel within 21 days. But they did not obtain counsel by the deadline established by the court. On December 14, 2020, the court ordered SION and Barber to show cause why a default judgment should not be entered against them. On December 22, 2022, the law firm Christensen & Jensen appeared on behalf of the defendants.

Greco subsequently moved for leave to file a Second Amended Complaint. Greco proposed adding SION FZE as a defendant, alleging that this entity was liable for the claims against SION

---

[1] The initial plaintiff in this lawsuit was The Evolent Blind Trust. The complaint alleged that Greco has assigned his claims to the trust. The court later substituted Greco as the plaintiff in this action.

and Barber as an alter ego of the defendants. Over the objection of SION and Barber, the court granted the motion to amend. On December 6, 2021, Greco filed his Second Amended Complaint. That same day, Christensen & Jensen moved to withdraw as counsel for SION and Barber. Counsel cited an "irreconcilable conflict" as the justification for leave to withdraw. SION and Barber later revealed that the more specific reason for the motion to withdraw was that they were not paying their legal bills. On December 7, 2021, the court granted the motion to withdraw. The court ordered Barber to either obtain counsel or appear pro se within 21 days. Because a corporation may not appear pro se, the court ordered SION to obtain counsel within 21 days. No counsel appeared for the defendants, nor did Barber appear pro se, by the deadline established by the court.

On January 21, 2022, Greco moved for entry of default against SION and Barber for disregarding the court's order and failing to answer the Second Amended Complaint. In the months of December 2021 and January 2022, Greco also attempted to serve the Second Amended Complaint on SION FZE by serving Barber—the principal of the company—at a commercial property and at his home. The process server unsuccessfully attempted service on eight separate occasions. Based on the process servers' observations of vehicles in the driveway and lights on in the house, he believed that Barber was avoiding service. On February 2, 2022, Greco moved for alternate service of SION FZE. On February 7, 2022, the court found good cause to believe that SION FZE, through Barber, was avoiding service and ordered that Greco could serve the complaint by emailing it to Barber and by posting it on the front door of Barber's residence. Pursuant to this order, Greco served SION FZE with the Second Amended Complaint on February 9, 2022. SION FZE failed to answer the complaint, and on March 4, 2022, Greco moved for entry of default against SION FZE.

On March 11, 2022, the clerk of court entered default against SION FZE. On May 2, 2022, the court ordered the entry of default against SION and Barber because they had failed to answer the Second Amended Complaint and because they had become unresponsive parties. On May 3, 2022, Barber contacted Christensen & Jensen and informed his former counsel that he had secured financing and that he would be able to rehire the firm. On May 4, 2022, Greco filed a motion for default judgment against Barber, SION, and SION FZE. In his motion, Greco clarified that he only sought a judgment for amounts owed under his breach of contract claim against SION and his alter ego claims against Barber and SION FZE. On May 6, 2022, Barber satisfied his financial obligations to Christensen & Jensen and retained the firm to represent him again. On the same day, counsel from Christensen & Jensen appeared in this case on behalf of Barber, SION, and SION FZE (collectively, the defendants). On May 9, 2022, these defendants filed a motion to set aside the entries of default against them.

The court ruled that it would not set aside the default against SION. The court further found that the relevant factors for a motion to set aside a default weighed against granting the motion as to Barber and SION FZE. ECF No. 258. But the court concluded that if Barber and SION FZE paid for Greco's attorney fees associated with the two motions for entry of default and the motion to set aside the defaults, mitigating some of the prejudice to Greco, the court would grant the motion to set aside the defaults as to Barber and SION FZE. Accordingly, the court ordered Greco to file a brief outlining the costs and fees associated with these motions and ruled that once it entered an order fixing the amount that these defendants must pay, they would have 30 days to remit that amount to Greco. If Barber and SION FZE paid the appropriate amount by the deadline, the court would set aside the defaults. If not, the court would enter a default judgment as to Barber and SION FZE as well.

Greco subsequently filed a motion for attorney fees. Barber and SION FZE objected to the amount requested. Then on March 28, 2023, counsel for the defendants once again moved to withdraw. On March 30, 2023, Judge Romero granted the motion and ordered the defendants to obtain new counsel (or in the case of Barber, to appear pro se) within 21 days. Judge Romero advised that any party failing to comply with the order may be subject to a default judgment. On April 21, 2023, the day after the deadline had passed, Barber filed a motion to extend the deadline for new counsel to appear by 30 days. On May 23, 2023, Judge Romero ruled that in the interests of justice, the defendants would have until May 30, 2023 to obtain counsel or appear pro se. Judge Romero once again advised the defendants that a failure to meet that deadline could result in a default judgment. The defendants did not comply with the new deadline.

## ANALYSIS

If the defendants had not already been in default, their most recent failures to comply with Judge Romero's orders would lead the court to enter defaults against them. Under Rules 16(f)(1) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, the court may sanction a party that disobeys a pretrial order by "rendering a default judgment against the disobedient party." In determining whether a default judgment is the appropriate sanction for disregarding a pretrial order, courts consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [default] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Pro Star Logistics Inc. v. AN Enter.*, No. 2:17-cv-491, 2018 WL 1785516, at *2 (D. Utah Apr. 11, 2018) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

5

All of these factors weigh in favor of entering a default judgment against the defendants. For a fourth time, the defendants have failed to comply with an order to obtain counsel or appear pro se by the deadline set by the court. The defendant's failures to comply have essentially stalled this litigation for the past 17 months. Thus, the defendants' repeated disregard of the court's orders demonstrates their culpability, has prejudiced the plaintiff by delaying the litigation, and has interfered with the judicial process. Moreover, the court has repeatedly advised the defaulting defendants that a failure to comply with orders to retain counsel may result in a default judgment. Finally, the court has already imposed lesser sanctions in the form of an attorney fee award, but the defaulting defendants immediately fell back into their pattern of past behavior. Thus, considering the *Ehrenhaus* factors, the court determines that entry of default against the defendants would be an appropriate sanction for their most recent failures to comply with the court's pretrial orders.

Moreover, the court finds that entry of default would be appropriate because the defendants have become unresponsive parties. "Default judgment is an appropriate method for resolving litigation and protecting a diligent plaintiff 'when the adversary process has been halted because of an essentially unresponsive party.'" *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, No. 13-CV-02471-PAB-CBS, 2015 WL 794328, at *11 (D. Colo. Feb. 4, 2015) (citation omitted), *report and recommendation adopted*, 2015 WL 782722 (Feb. 24, 2015); *accord Fanning v. AMF Mech. Corp.*, 326 F.R.D. 11, 13 (D.D.C. 2018). By ignoring the orders to appear in this case, the defendants have become unresponsive parties, halting the adversarial process. For this additional reason, entry of default against these defendants would be appropriate at this time.

In short, if the defendants had not already been in default, the court would enter defaults against them for their latest failure to obey the court's orders to appear. Accordingly, the court

finds that the defendants' motion for relief from default and Greco's motion for attorney fees are both moot. ECF No. 236 & 259. Both motions are, therefore, denied.

DATED June 8, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge