IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH GRECO,<br><br> Plaintiff,<br><br>v.<br><br>MICHAEL CASEY; SCOTIA INTERNATIONAL OF NEVADA, INC.; MAX BARBER; and SION TRADING FZE<br><br> Defendants. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:20-cv-00610-JNP-CMR<br><br>District Judge Jill N. Parrish |

  The court has entered defaults against defendants Scotia International of Nevada, Inc. (SION), Max Barber, and SION Trading FZE (SION FZE) (collectively, the defaulting defendants). Before the court is plaintiff Joseph Greco's motion for default judgment against these defaulting defendants. ECF No. 231. The court GRANTS the motion.

  Although Greco asserted other claims against the defaulting defendants, he only seeks damages for his breach of contract claim against SION and his alter ego claims against Barber and SION FZE. Damages for these claims are easily calculated. The contract at issue required SION to return a $4 million deposit made by Greco after he requested it or, if no request had been made, 366 days after the date when the agreement was executed. The operative complaint alleges that SION breached this contract by failing to return any portion of this deposit to Greco. The complaint further asserts that Barber and SION FZE are jointly liable for the breach of contract damages because they are alter egos of SION. Accordingly, the defaulting defendants are jointly and severally liable for the breach of contract damages in the amount to $4 million.

Greco also seeks prejudgment interest for the breach of contract damages. The contract provides that it is governed by Utah law. Under Utah law, "[p]rejudgment interest may be recovered where the damage is complete, the loss has been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages." *USA Power, LLC v. PacifiCorp*, 372 P.3d 629, 666 (Utah 2016) (cleaned up). "Losses that cannot be calculated with mathematical accuracy are those in which damage amounts are to be determined by the broad discretion of the trier of fact, requiring the fact-finder to be guided by [its] best judgment in assessing the amount to be allowed for past as well as for future injury." *Id.* (cleaned up). The prejudgment interest rate for a breach of contract claim is 10% per annum. UTAH CODE § 15-1-1(2).

Greco's loss was fixed at a definite time and can be calculated with mathematical accuracy. The contract required SION to return the $4 million deposit within 30 days of a request to do so. Greco made a demand for the return of the deposit on April 30, 2019. SION was in breach of this provision on the 31st day after this request, or May 31, 2019. And the loss occasioned by the breach is easily calculated to $4 million. Accordingly, Greco is entitled to prejudgment interest at the rate of 10% per annum on this amount (or $1,095.89 per day) from May 31, 2019 to the date when judgment is entered.[1]

Thus, the court grants the motion for entry of a default judgment against SION, Barber, and SION FZE, jointly and severally, in the amount of $4 million for breach of contract damages

---

[1] Greco also states in passing that he is entitled to an award of attorney fees. But rather than developing an argument for an award of attorney fees, he merely notes that he reserves the right to move to augment the judgment with an attorney fee award at a future date. The court, therefore, does not address whether Greco is entitled to attorney fees at this juncture.

and $1,606,575.34 in prejudgment interest. The court will enter a default judgment for these amounts.

DATED June 8, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge